**Munir AHMED, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72471.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 7, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*  Fed. R.App. P. 34(a)(2).

Pardeep Singh Grewal, Oakland, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Vanessa Boyd Willard, U.S. Dept of Justice, Denven, CO, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM **

Petitioner Munir Ahmed seeks review of an order of the Board of Immigration Appeals (BIA) affirming the decision of the Immigration Judge (IJ) denying his peti-

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion for asylum, withholding of removal, and relief under the Convention Against Torture. The parties are familiar with the facts and we do not repeat them here.

## I

■ The IJ denied asylum on the basis of an adverse credibility determination. First, the IJ identified an inconsistency between Ahmed's declaration and his sworn testimony. This inconsistency is borne out in the record. In his declaration, Ahmed stated he had been interrogated by police for five hours and then held, while being beaten and tortured, for three days; at the hearing, he testified he was held for one night and one day, then interrogated and beaten for ten to fifteen minutes. This inconsistency goes to the heart of his claim and supports the IJ's adverse credibility determination because it involves the alleged persecution Ahmed suffered at the hands of police. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). The IJ also observed that Ahmed's testimony was sketchy and lacking in detail. An alien's lack of specificity when testifying may support an IJ's adverse credibility determination. *Singh–Kaur v. INS,* 183 F.3d 1147, 1153 (9th Cir.1999). Finally, the IJ relied on Ahmed's failure to provide easily available corroborative materials. Once an alien's credibility has been questioned, the IJ may consider an alien's failure to provide corroboration. *Chebchoub v. INS,* 257 F.3d 1038, 1042 (9th Cir.2001). The IJ's adverse credibility determination is supported by substantial evidence and we are obliged to uphold it. *Wang v. INS,* 352 F.3d 1250, 1259 (9th Cir.2003).

## II

■ Because Ahmed has failed to prove asylum eligibility, his claim for with-

holding of removal fails. *Valderrama v. INS,* 260 F.3d 1083, 1085 (9th Cir.2001). Similarly, discounting his claim of past abuse, Ahmed has not demonstrated he would, more likely than not, be tortured if removed and has not shown he qualifies for relief under the Convention Against Torture. *See* 8 C.F.R. § 208.16(c)(2); *Fa-rah v. Ashcroft,* 348 F.3d 1153, 1157 (9th Cir.2003).

**PETITION DENIED.**